UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAVARES J. BROWNING,

              Plaintiff,

      v.                                CAUSE NO. 3:21-CV-578 DRL-MGG

RON NEAL,

              Defendant.

OPINION AND ORDER

Tavares J. Browning, a prisoner without a lawyer, filed a complaint against Warden Ron Neal. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Browning alleges that, on April 30, 2021, he was forced to strip down to his boxer shorts and shower shoes. He was wet from being sprayed with a fire hose. He was then placed in a cell with no other items. Several hours later, he was provided with a mattress. He was not provided with clothing, a towel, sheets, a blanket, or utensils. He had to eat with his hands and sleep on a bare mattress. As a result of these conditions, which lasted for almost four days, Mr. Browning suffered hallucinations and nightmares.

Mr. Browning has named only one defendant: Warden Ron Neal. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Mr. Browning has not alleged that Warden Neal was personally involved in the events he described. Thus, the complaint does not state a claim against Warden Neal.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Browning may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Tavares J. Browning until **December 21, 2021**, to file an amended complaint; and

(2) CAUTIONS Tavares J. Browning if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

November 18, 2021

_s/ Damon R. Leichty_
Judge, United States District Court