UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAVARES J. BROWNING,

        Plaintiff,

   v.                                   CAUSE NO. 3:21-CV-578 DRL-MGG

RON NEAL,

        Defendant.

OPINION AND ORDER

Tavares J. Browning, a prisoner without a lawyer, filed an amended complaint against Warden Ron Neal. ECF 15. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Browning alleges essentially the same facts as in his original complaint. On April 30, 2021, he was sprayed with a fire hose by unknown officers. He was forced to strip down to his underwear and slippers. He was then placed in a cell with no other items. Several hours later, he was provided with a mattress. He was not provided with clothing, a towel, sheets, a blanket, or utensils. He had to eat with his hands and sleep on

a bare mattress. As a result of these conditions, which lasted for almost four days, Mr. Browning suffered hallucinations and nightmares.

In Mr. Browning's original complaint, he named only one defendant: Warden Ron Neal. The court explained that, because Warden Neal was not personally involved in the events described in the complaint, he could not be held liable. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Mr. Browning was given an opportunity to file an amended complaint.

In the amended complaint, Mr. Browning again names only Warden Ron Neal. However, he explains that he does not know the identifies of the individuals involved because the officers were "obscuring their identity with mask and such." ECF 15 at 2. He also claims that he asked the officers their names numerous times, but they would not share their names.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not

2

mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the law, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Here, Mr. Browning has not alleged facts that state a claim against the individuals who sprayed him with water, directed him to remove his wet clothes, or placed him in the cell with no mattress, clothing, blankets, utensils, or toilet paper.[1] Being placed briefly in a cell without these things does not violate the Constitution. Mr. Browning's allegations that he was deprived of a mattress for several hours after his transfer and was not provided with utensils for nearly four days likewise do not state a claim. While a lack of bedding for more than a week may amount to an Eighth Amendment

---

[1] Mr. Browning filed a separate case alleging that the officers that removed him from his cell used excessive force. *See Browning v. Neal*, 3:21-CV-542-RLM-MGG (N.D. Ind. filed July 26, 2021).

3

violation, *see Townsend v. Cooper,* 759 F.3d 678, 687 (7th Cir. 2014), the sort of short-term deprivation described here is not sufficiently serious to implicate the Constitution.

As to Mr. Browning's remaining allegations, he has not adequately described what happened during this four-day period. He has alleged only that he went without blankets, clothing, and toilet paper, and that he was cold, could not sleep, and eventually suffered from hallucinations. Mr. Browning might not know the names of the officers he interacted with, but he needs to describe the interactions he had with them. He does not indicate if or when he asked for blankets, clothes, or toilet paper, or the response he received. He does not describe the officers he interacted with during the four-day period in any way whatsoever – he has not provided any information about any officer's gender, hair color, eye color, build, nickname, or any other detail. He does not indicate how he eventually obtained clothing, a blanket, and toilet paper or who provided him with these things – just that he went without for nearly four days. A face mask may obscure a portion of the face, but it does not render someone indescribable. In short, he has not alleged facts from which it can be plausibly inferred that any particular person (known or unknown to Mr. Browning) was deliberately indifferent to his need for a blanket, clothing, or toilet paper. As such, the amended complaint still does not state a claim.

While the amended complaint does not state a claim for which relief can be granted, Mr. Browning will be given one more opportunity to amend his complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."

4

*Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. If Mr. Browning decides to file a second amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved (by description if necessary), and how he was personally injured by the events that transpired, providing as much detail as possible. After he properly completes the complaint form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Tavares J. Browning until **February 28, 2022**, to file a second amended complaint; and

(2) CAUTIONS Tavares J. Browning if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

January 25, 2022  *s/ Damon R. Leichty*
Judge, United States District Court